# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GONZALES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00427-AWI-WMW<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.　Screening Requirement**

　　Plaintiff Rick Gonzales ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the Complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

　　"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

1

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

    **A.    Summary of Plaintiff's Complaint**

Plaintiff is a civil detainee awaiting commitment proceedings at Coalinga State Hospital in Coalinga, California ("Coalinga"). Plaintiff alleges that while at Coalinga he was subjected to unreasonable searches and seizures as well as punitive conditions of confinement in violation of the U.S. Constitution. Plaintiff seeks monetary, injunctive and declaratory relief.

Plaintiff alleges that on January 18, 2007, defendants searched Plaintiff's property for super glue that was missing from the office. Defendants immediately found the super glue and also found a small homemade screwdriver and a small scratching tool used to make drawings of coffee cups. Plaintiff alleges that defendants classified these tools as dangerous weapons as pretext to justify an expanded search of Plaintiff's property. As a result, defendants searched Plaintiff's personal computer, DVDs and CDs. Later that day, Plaintiff found Defendants Martinez, Macias and Quintero standing around his bed with 27 of his computer discs. Defendant Martinez informed Plaintiff that they were confiscating the 27 discs. When asked why the discs were being confiscated,

Defendant Martinez stated it was because "[w]e can't identify them." (Compl. ¶ 31). Defendant Martinez also confiscated Plaintiff's laptop. Plaintiff was later told that his property was searched for copyright violations and pornography.

On January 26, 2007, Plaintiff appeared before Defendants Barb, Robinson, Devine, and Quintero for a "Mini-Team" review regarding the search and seizure. Plaintiff was deprived of his computer for 30 days as punishment as a result of this review. Plaintiff alleges that "neither the defendants nor [Coalinga State Hospital] had any written rule addressing the alleged violations for which defendants confiscated plaintiff's personal Compact Discs and Laptop Computer". (Compl. ¶ 43). Plaintiff does not specify what the "alleged violations" were that resulted in Plaintiff's punishment nor the reasoning for the "Mini-Team's" disposition.

### B. Fourth Amendment Claim

Plaintiff alleges that defendants' search and seizure of his computer and discs violated the Fourth Amendment of the U.S. Constitution. "[C]ivilly detained persons must be afforded 'more considerate treatment and conditions of confinement that criminals whose conditions of confinement are designed to punish.'" Hydrick v. Hunter, 500 F.3d 978, 989 (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). "It follows logically, then, that the rights afforded prisoners set a floor for those that must be afforded [civil detainees]." Id. (discussing the rights afforded to persons civilly detained as sexually violent predators). The Ninth Circuit has held that "the Fourth Amendment right to be secure against unreasonable searches and seizures 'extends to incarcerated prisoners.'" Thompson v. Souza, 111 F.3d 694, 699 (9th Cir.1997) (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988)). Thus, this protection certainly extends to civil detainees. Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007). Plaintiff states that Defendants Martinez, Macias, Quintero, Walker, Rogers, Rabaut, Spurgeon, and Robinson were directly involved in the search and seizure of his property without justification. Plaintiff also states that the members of the "Mini-Team" review (Defendants Barb, Robinson, Devine and Quintero) confiscated Plaintiff's computer for thirty days. Plaintiff alleges that Defendants Voss and Renzaglia knew of the constitutional violations, was in a position to prevent the constitutional violations, and failed or refused to do so. (Compl. ¶ 55-56). Therefore, Plaintiff states a cognizable claim for an unreasonable search and

seizure in violation of the Fourth Amendment against those defendants.

### C. Fourteenth Amendment Claim - Conditions of Confinement

Plaintiff alleges that his civil confinement amounted to punishment in violation of the due process clause of the Fourteenth Amendment. "'[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.'" Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones . . . ." Id. at 932 (citations omitted). "At a bare minimum . . . an individual detained under civil process . . . cannot be subjected to conditions that 'amount to punishment'". Id., at 931 (9th Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 536 (1979)). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33. "The law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility." Hydrick, 500 F.3d at 990 (citing Youngberg v. Romeo, 457 U.S. 307, 319-22 (1982)).

Plaintiff alleges that the exposure to unconstitutional searches and seizures amounted to punishment. Plaintiff alleges that he was confined in conditions that are the same or worse than the conditions under which prisoners are held. Therefore, Plaintiff states a cognizable claim under the Fourteenth Amendment against Defendants Martinez, Macias, Quintero, Walker, Rogers, Rabaut, Spurgeon, Robinson, Barb, Devine, Voss and Renzaglia.

### D. Other Claims

#### i. First Amendment Claim

Plaintiff alleges that defendants made "[t]hreats of revoking the policy of allowing personal computers . . . should someone make a legal challenge to the present administration policy". (Compl. ¶ 64). In the prison context, allegations of retaliation against a prisoner's First Amendment

4

rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that defendants threatened to take away Plaintiff's computer privileges if he made legal challenges to Coalinga's computer policies. Plaintiff alleges that the threats chilled the exercise of his First Amendment rights and the threats did not reasonably advance a legitimate correctional goal. However, Plaintiff fails to identify which defendants retaliated against him. Under Federal Rule of Civil Procedure 8(a)(2), Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It is impossible for defendants to respond to Plaintiff's allegations because he fails to specify when or how often the alleged threats occurred and he fails to identify which defendants actually threatened him. Therefore, Plaintiff's complaint fails to state a cognizable claim for retaliation.

### ii. Sixth Amendment Claim

Plaintiff alleges that defendants violated his "Constitutionally guaranteed right to attorney-client privilege" under the Sixth Amendment of the U.S. Constitution. (Compl. ¶ 99). The Sixth Amendment "only protect[s] the attorney-client relationship from intrusion in the criminal setting." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). Plaintiff does not allege that his relationship with his attorney was interfered with in the criminal setting. Plaintiff only provides sparse factual allegations regarding how defendants intruded on his relationship with his attorney. Plaintiff offers only a vague allegation that defendants engaged in "illegal confiscation of and viewing of legal material". (Compl. ¶ 19).

1  ///

2  Plaintiff does not indicate how often his legal material was viewed or the context in which his legal
3  material was viewed.  Therefore, Plaintiff's complaint lacks sufficient allegations to support a claim
4  for violation of his rights under the Sixth Amendment.

### iii.     Ninth Amendment Claim

Plaintiff alleges that "the acts or omissions of the defendants violate the common law rights retained by the people, including, but not limited to, the right to purchase, own, and keep personal property in violation of the Ninth Amendment of the United States Constitution." (Compl. ¶ 66). The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX.  The Ninth Amendment does not provide a basis upon which plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right . . . ." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiff's may not "'double up' constitutional claims"), aff'd sub nom. Groh v. Ramirez, 540 U.S. 551 (2004); Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim"). Accordingly, Plaintiff's attempt to impose liability for violation of the Ninth Amendment fails as a matter of law.

### iv.     Fourteenth Amendment Claim - Procedural Due Process[1]

Plaintiff alleges that the process afforded to him by the "Mini-Team" review that resulted in the confiscation of his laptop for 30 days was constitutionally deficient in violation of the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause protects prisoners and, by extension, civil detainees, see supra Part II.B,  from being deprived of property without due process

---

[1] Plaintiff also alleges "improper seizures of personal belongings" in violation of the Fifth Amendment. (Compl. ¶ 102).  The Due Process Clause of the Fifth Amendment applies to the Federal Government.  Since Plaintiff is suing state officials, his claim is analyzed under the Fourteenth Amendment's Due Process Clause, which applies to the states.  See Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment . . . prohibits deprivations without due process by the several States").

6

of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78 (1987).

Plaintiff alleges that "at all times pertinent to this action, neither the defendants nor the CSH had any written rule addressing the alleged violations for which defendants confiscated plaintiff's personal Compact Discs and Laptop Computer." (Compl. ¶ 43). Plaintiff alleges that defendants' actions were not authorized by regulation and thus the deprivation of his property was unauthorized. Therefore, there is no liability under section 1983 because adequate process is available to Plaintiff. If Plaintiff seeks redress for the deprivation of his property the proper avenue is utilization of California Law post-deprivation remedies.

     **v.**    **Fourteenth Amendment Claim - Equal Protection**

Plaintiff alleges that defendants violated his rights under the Equal Protection Clause of the

Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

If the action in question does not involve a suspect classification, as here, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff's Equal Protection claim fails because he neither alleges that he was intentionally treated differently, nor do his factual allegations suggest that his differential treatment was intentional. Plaintiff vaguely alleges that he was subjected "to more restrictive, punitive, and degrading conditions than other civil detainees", (Compl. ¶ 79), but does not specifically allege how he was treated differently, nor that he was intentionally singled out for differential treatment. Therefore, Plaintiff fails to state a cognizable claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

### vi.  Statutory Claims - 42 U.S.C. §§ 1985, 1986

Plaintiff alleges Defendants Voss, Renzaglia, Rabaut, Rogers, Spurgeon, and Robinson are liable under 42 U.S.C. § 1985 for engaging in a conspiracy to commit civil rights violations and under 42 U.S.C. § 1986 for having knowledge of the violations performed by the other defendants

and failing to prevent them. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102. Plaintiff's complaint lacks any allegations that defendants were motivated by a class-based, invidiously discriminatory animus nor do Plaintiff's factual allegations suggest the existence of any discriminatory motive. See supra Part II.D.v. Therefore, Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1985(3).

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under [§] 1985." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)). Since Plaintiff's complaint fails to state a cognizable claim under § 1985, his claim under § 1986 must also fail.

### vii. Supervisory Claims

Plaintiff alleges that supervisory personnel violated his Fourteenth Amendment rights by failing to adequately supervise and train their employees. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants

either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations regarding the training and supervisory policies of Defendants Voss and Renzaglia fail to state a claim because Plaintiff fails to allege that the policies were so deficient that they were in itself a repudiation of constitutional rights and were the moving force of the constitutional violations. Plaintiff does not even identify the specific policies that are at issue. Plaintiff's argument appears to be that employees committed constitutional violations, therefore, the policies in training and supervising the employees must be constitutionally deficient. Such a theory is not sufficient to establish liability under § 1983. However, Plaintiff also alleges that Defendants Voss and Renzaglia knew of the constitutional violations and were in position to prevent them but failed to. Such a theory is sufficient to establish liability against supervisory personnel.

### III. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Martinez, Macias, Quintero, Walker, Rogers, Rabaut, Spurgeon, Robinson, Barb, Devine, Voss and Renzaglia for violating the Fourth and Fourteenth Amendment. Plaintiff's complaint fails to state any other claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff twelve (12) summonses and twelve (12) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of

process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Martinez, Macias, Quintero, Walker, Rogers, Rabaut, Spurgeon, Robinson, Barb, Devine, Voss and Renzaglia for violations of the Fourth and Fourteenth Amendments; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.IT IS SO ORDERED.

Dated:   January 29, 2009            /s/ William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE

11