UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:06-CV-01801-BLW-LMB<br><br><br>**REPORT AND RECOMMENDATION AND ORDER** |
| RICK GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>Defendants. | No. 1:07-CV-00427-BLW |
| RAYMOND AMEDEO,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00834-BLW |

**REPORT AND RECOMMENDATION AND ORDER - 1 -**

| | |
|---|---|
| MANSFIELD R. BROWN,<br><br>Plaintiff,<br><br>　　　　v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00849-BLW |
| WAYNE P. DeBERRY,<br><br>Plaintiff,<br><br>　　　　v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00850-BLW |
| DON D. McNEAL,<br><br>Plaintiff,<br><br>　　　　v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00851-BLW |

| | |
|---|---|
| HENRY C. SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00897-BLW |
| LAWRENCE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00913-BLW |
| FRED SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00985-BLW |

| | |
|---|---|
| LAWTIS D. RHODEN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-01151-BLW |
| HAROLD E. CARMONY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al.,<br><br>Defendants. | No. 1:07-CV-01558-BLW |
| ELDRIDGE CHANEY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:08-CV-01196-BLW |

Before the Court are eight pending motions. (Docket Nos. 30, 40, 42, 46, 48, 49, 51 and 52.) The issues are sufficiently presented by the parties' submissions and the motions on the record to allow the Court to consider and rule upon the issues without the need of a hearing. Having reviewed the record, considered the arguments and submissions of the parties, the Court enters the following Order and Report and Recommendation.

**REPORT AND RECOMMENDATION AND ORDER - 4 -**

**AMENDED COMPLAINTS AND NOTICES OF INTENT TO PROCEED**

On February 8, 2010, Plaintiffs were ordered to file an amended complaint to cure the deficiencies in their original complaints or to file a notice that they wished to proceed on only those claims deemed cognizable by the Court in its screening Order. (Docket No. 33.) The following plaintiffs have filed amended complaints, upon which they may proceed: Wayne P. DeBerry (Docket No. 35), Eldridge Chaney (Docket No. 36), Henry C. Scott (Docket No. 37), Mansfield R. Brown (Docket No. 38), George N. Allen (Docket No. 41), and Harold E. Carmony (Docket No. 53). Plaintiff Lawrence Smith filed a notice that he wished to proceed on the cognizable claims in his original Complaint (Docket No. 39 in this case; Docket No. 1 in Case No. 1:07-CV-913-BLW). These plaintiffs will be permitted to proceed to a triage conference with their cases, and, as a result, an additional screening of the amended complaints will not take place at this time, but voluntary dismissal of noncognizable claims, further amendment, and further screening will be addressed at the triage conference.

Three plaintiffs did not file an amended complaint or submit notice of intent to proceed as ordered, and therefore, it is recommended that their original Complaints be dismissed without prejudice. Accordingly, the actions filed by Raymond Amadeo (1:07-CV-834-BLW ), Don D. McNeal (1:07-CV-851-BLW), and Fred Scott (1:97-CV-985-BLW) should be dismissed without prejudice.

Plaintiff Rick Gonzales (1:07-CV-427-WMW) did not file an amended complaint, but filed a Motion for Extension of Time to do so (Docket No. 40). He shall file an Amended Complaint no later than August 20, 2010, and if he fails to do so by that date, this Court will recommend that his original Complaint be dismissed without prejudice.

## NOTICE OF OTHER RELATED CASES

Previously, the parties were ordered to give the Court notice of other similar cases so that they could be considered for consolidation for reasons of judicial economy. In compliance with that order, counsel for Defendants have given notice to the Court that several cases may be appropriate for consolidation (Docket No. 43) (*Sanford D. Jones v. Stephen Mayberg, et al.*, Case No. 1:07-cv-01207-YNP, *Lawtis Donald Rhoden v. Stephen W. Mayberg, et al.*, Case No. 1:09-cv-1890-DLB, *Raymond Aniadeo v. Pam Ahlin, et al.*, Case No. 1:09-cv-2017-YNP, *Denis K. Rotroffv. Pam Ahlin, et al.*, Case No. 1:09-cv-2021-GSA, *Darryell Frazier v. Pam Ahlin*, Case No. 1:09-cv-2153-GSA, *Mansfield R. Brown v. Pam Ahlin, et al.*, Case No. 1:10-cv-117-GSA, *Jackie Robinson v. Mirian Joya, et al.*, Case No. 1:08-cv-1339 JLS-BLM). Therefore, the Clerk of Court shall send a copy of this Order to the presiding judge in each of these cases. Then, the presiding judge may determine whether to reassign that particular case for consolidation based on the claims made in that particular case. If the case has been processed to the point that it is close enough to resolution so that consolidation would effect an unnecessary delay, the presiding judge shall not reassign the case. If a particular action has not proceeded to that point, it should be reassigned to this Court and consolidated with this action.

## PLAINTIFF DeBERRY'S MOTION FOR SUMMARY JUDGMENT

On February 1, 2010, Plaintiff Wayne DeBerry filed a Motion for Summary Judgment (Docket 30). Because this case is being scheduled for a triage conference, this Court will recommend that his Motion for Summary Judgment be stayed pending completion of that conference.

**TRIAGE CONFERENCE**

The Court has begun a new case management program for selected inmate cases. In these cases, Plaintiffs and counsel for Defendant will be required to appear at a triage conference with a judge other than the assigned trial judge. Applying by analogy the concept of "triage" borrowed from the medical field to pending litigation,[1] the Court has determined that inmate cases with the following characteristics will be channeled to triage conferences: (1) where a request for a temporary restraining order has been filed; (2) where multiple claims or multiple defendants are presented, and a discussion of streamlining the case to core claims and defendants may be beneficial to both sides; (3) where the claims appear amenable to setting the case for early alternative dispute resolution; or (4) where identification of other case management and discovery issues may aid the parties in narrowing and streamlining the litigation. Another relevant concern to be addressed at triage is Plaintiffs' requests for waiver of the security bond (for example, Docket No. 52).

The purpose of these triage conferences are to encourage the parties to engage in case evaluation and management at an early stage, where such early attention appears likely to facilitate or expedite resolution of the case.

---

[1] In medical vernacular, the term "triage" is used to describe " the sorting of and allocation of treatment to patients and especially battele and disaster victims according to a system of priorites designed to maximize the number of survivors." Websters New Collegiate Dictionary 1237 (1981). As applied to case management, the terms  "victims" and "survivors" may mean plaintiffs, defendants, or claims, depending on the context of the case.  In addition, "increasing the number of survivors," may mean decreasing the number of claims or defendants to narrow the case's focus to reduce delay, expense, and unnecessary litigation.

**REPORT AND RECOMMENDATION AND ORDER - 7 -**

In addition, at the triage conference the parties shall address the issue of development and implementation of a permanent streamlined Alternative Dispute Resolution process for resolving future issues and conflicts, whether it be mediation; a panel of inmates, officials, judges, lawyers, and/or community members; or another method. Litigation should be a problem-solving mechanism of last resort, particularly because it removes the ability to self-govern from the parties who have a stake and an interest in the outcome, and instead places it in the hands of a neutral judge who has no stake or interest in the outcome.[2] In this manner, the parties retain control of the ultimate outcome of the litigation.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motions for Extension of Time to File Amended Complaint (Dkts. 34, 40, 46) are GRANTED. Plaintiff Rick Gonzales shall file an Amended Complaint no later than **August 20, 2010**.

---

[2] In an article on Alternative Dispute Resolution, Attorney Barbara Phillips observed:

> The truths about the nature of the problem-solving universe are reflected in the following rules of life, expressed at a recent conference on holistic management in agriculture: "Everything is related to everything else. Water always runs downhill. Nature always laughs last." These attitudes are essential to a problem-solving approach; they are essentially inconsistent with confrontation. Adopting them, the legal community moves away from a zero-sum, adversarial system into a fertile, diverse universe like nature's own. The world of courts and lawyers becomes at once generative and highly relevant to a society of people far more willing than they may have appeared in the historical past to take responsibility for constructive resolution of conflict.
>
> Problem-solving, unlike the adversarial approach, is naturally balanced. When self-interest is defined more broadly, the adoption of cooperative attitudes and collaborative processes will follow.

Barbara Phillips, *Mediation: Did We Get it Wrong?*, 33 Williamette L. Rev. 649, 662-63 (Summer 1997).

2. Defendants' Motions for Extension of Time to File Responsive Pleadings or in the Alternative for Clarification Re: Screening Order (Dkt. 42(a) & 42(b)) are GRANTED. No further pleadings or papers need be filed pending further instructions from the triage conference judge.

3. Plaintiff Carmony's Motion to Appoint Counsel (Dkt. 49) is DENIED without prejudice. The Court has been seeking pro bono counsel for this case for many months, with no attorneys yet willing to accept appointment. The Court will continue seeking pro bono counsel for this plaintiff.

4. Plaintiff Carmony's Motion for Waiver of the Security Bond (Dkt. 52) is MOOT, as this issue shall be addressed in the Triage Conference.

5. Plaintiff Carmony's Motion to Appear Via Audio/Video Conferencing (Dkt. No. 51) is MOOT. If hearings or conferences are set in this manner, the Court will provide for the appearance of Plaintiffs in an appropriate manner, whether by audio/video conferencing, teleconference, or other adequate means.

6. The Clerk of Court shall provide a copy of this Order to the presiding judges of each of the following cases, and the Court respectfully requests that if that judge determines that reassignment of their case for consolidation with this case is appropriate, that reassignment occur within thirty (30) days after entry of this Order:

   (a) *Jones v. Mayberg*, 1:07-CV01207-YNP (motion to dismiss pending);

   (b) *Rhoden v. Mayberg*, 1:09-CV-1890-DLB (This plaintiff has a second similar case that was de-consolidated from this case, 1:07-CV-1151, and that may be taken into consideration regarding case no. 1:09-1890-DLB);

   (c) *Amadeo v. Ahlin*, 1:09-CV2017 (returned mail may warrant dismissal rather than consolidation);

   (d) *Frazier v. Ahlin*, 1:09-CV-2153-DLB (temporary restraining order motion pending);

   (e) *Brown v. Ahlin*, 1:10-CV-117-GSA (temporary restraining order motion pending; Brown's other case is consolidated in this action, 1:07-CV-849-BLW); and

   (f) *Robinson v. Joya*, 1:08-1339-JLS (preliminary injunction motion pending).

**REPORT AND RECOMMENDATION AND ORDER - 9 -**

7.  For case management purposes, no additional cases shall be identified for consolidation **any later than thirty (30) days after entry of this Order**.

8.  A triage conference shall be held in this action no later than **150 days after entry of this Order**, at the Coalinga State Hospital facility, before the Honorable David O. Carter, United States District Judge for the Central District of California. A separate Order setting forth the date and time of the triage conference will be issued by Judge Carter.

9.  The parties shall submit the following written materials for the triage conference in camera in paper form (meaning the submission is not provided to the other parties) to Judge Carter via U.S. Mail at the United States District Court, 411 West Fourth Street, Room 9-160, Santa Ana, California 92701, **within sixty (60) days after entry of this Order**:

    (a) Plaintiffs shall send, to Judge Carter at the above address, a confidential triage conference memorandum of no more than ten (10) pages in length that briefly and particularly describes the main problems and remedies they are seeking and a suggestion for a permanent Alternative Dispute Resolution process.

    (b) Defendants shall send to Judge Carter a confidential triage memorandum of no more than twenty (20) pages (longer than Plaintiffs' memos, because all Defendants must consolidate their memo into one document) that briefly and particularly describes (1) potential solutions to the main problems described in Plaintiffs' amended complaints; (2) potential solutions to the computer purchasing moratorium issued brought in the temporary restraining order/preliminary injunction requests; (3) a statement of whether counsel will waive service on behalf of defendants remaining after voluntary dismissal/screening if the case proceeds to litigation; (4) a statement of Defendants' position on the bond waiver issue; and (5) suggestions for a permanent Alternative Dispute Resolution process.

10. Counsel shall have access to their calendars during the triage conference, as other case management deadlines or hearings may be set at the conference. Key Defendants who can address the substantive issues in the Complaint are strongly encouraged to attend the triage conference. The triage conference may be reconvened as needed, as determined by Judge Carter.

11. The Clerk of Court shall send a copy of this Order to Hon. David O. Carter at the United States District Court, 411 West Fourth Street, Room 9-160, Santa Ana, California 92701.

## RECOMMENDATION

**IT IS RECOMMENDED:**

1. Plaintiff DeBerry's Motion for Summary Judgment (Dkt. 30) be DENIED without prejudice.

2. Plaintiff Carmony's Motion for Preliminary Injunctive Relief (Dkt. No. 48) be DENIED without prejudice, and instead be addressed in the Triage Conference.

3. The actions filed by Raymond Amadeo (1:07-CV-834-BLW ), Don D. McNeal (1:07-CV-851-BLW), and Fred Scott (1:97-CV-985-BLW) be DISMISSED without prejudice.

4. In the event Plaintiff Rick Gonzales fails to file an Amended Complaint by **August 20, 2010**, his original Complaint should be STAYED pending further notice.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: **July 22, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge